PER CURIAM:
The claimant brought this action for damage to a 1994 Nissan Altima, which occurred when the claimant came upon a hole and broken pavement in a road maintained by the respondent in Harrison County. The Court is of the opinion to deny the claim as stated more fully below.
The incident giving rise to this claim occurred on October 6, 1997, around mid-morning. The claimant was driving westbound on WV Route 76 near Rosemont. Route 76 in this area is a two-lane paved road. The claimant was driving approximately 35 miles per hour behind a truck. The evidence adduced at hearing was that the claimant’s vehicle struck a large hole on the side of the pavement, resulting in a flat tire. The claimant submitted a repair bill in the amount of $153.34. Her insurance deductible was $500.00.
The hole was described as approximately three feet in circumference and six inches deep. The respondent had received a call regarding this particular hole that morning and arrived to make repairs shortly after the claimant’s accident.
It is well established that the respondent is neither an insurer nor a guarantor of the safety of motorists upon its roads. Adkins vs. Sims, 46 S.E.2d 81 (W.Va. 1947). In order to hold the respondent liable for defects of this nature, the claimant must prove that the respondent had actual or constructive notice and failed to take reasonable remedial action. Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986). The evidence at hearing established that the respondent was informed of the hole on the morning of the claimant’s accident and immediately took corrective action. Therefore, the Court is of the opinion that the respondent acted reasonably and diligently, and that there is insufficient evidence of negligence upon which to justify an award.
Claim disallowed.